**In re MCKESSON HBOC, INC. ERISA LITIGATION**

**No. C–00–20030 RMW.**

United States District Court, N.D. California. San Jose Division.

Sept. 9, 2005.

---

Rudnick Gray Cary US LLP, Hojoon Hwang, Munger Tolles & Olson LLP, Thomas Hawker, Charles M. Schaible, Paul A. Renne, Cooley Godward LLP, San Francisco, CA, Jonathan J. Lerner, Skadden Arps Slate Meagher Flom LLP, Michael J. Shepard, Michael L. Charlson, Linda R. Daly, Moses Silverman, Paul Weiss Rifkind Wharton Garrison LLP, David J. Romanski, James T. Fousekis, Brenda E. Cooke, Joshua Winneker, Fried Frank Harris Shriver Jacobson LLP, Sima Saran Ahuja, David B. Hirsch, Mark J. Stein, David Hennes, Mark J. Stein, Simpson Thacher & Bartlett, New York, NY, Jeffrey L. Bleich, Jason M. Freir, Bondurant Mixson & Elmore, LLP, H. Lamar Mixson, Jill A. Pryor, Harry W. MacDougald, Robert R. Ambler, Jr., Womble Carlyle Sandridge & Rice PLLC, Dorothy Yates Kirkley, Kirkley & Payne, Atlanta, GA, for Defendants.

Ronald S. Kravitz, Liner Yankelevitz Sunshine Regenstreif LLP, San Francisco, CA, Steven J. Ross, Kim Zeldin, Law Offices of Steven Ross, Atlantic Beach, FL, Bruce F. Rinaldi, The McTigue Law Firm, Washington, DC, J. Brian McTigue, Ellen M. Doyle, Malakoff Doyle & Finberg, P.C., Pittsburgh, PA, for Plaintiffs.

James E. Lyons, Timothy A. Miller, Skadden Arps Slate Meagher, Howard S. Caro, Heller Ehrman White & McAuliffe LLP, Raquel L. Wilkening, Richard Keenan, Samuel R. Miller, Raquel L. Sefton, Folger Levin & Kahn LLP, Melvin R. Goldman, Maria Chedid, Dorothy L. Fernandez, Paul Flum, Morrison & Foerster, Joshua C. Irwin, Maria Graesser, Grace A. Carter, Paul Hastings Janofsky & Walker LLP, Rachel E. Matteo–Boehm, Dla Piper

## FINAL ORDER AND JUDGMENT

WHYTE, District Judge.

AND NOW, this 9th day of September, 2005,

(a) upon consideration of (i) the motion of Plaintiffs for approval of a settlement (the "Settlement") of this action pursuant to the terms of a Stipulation and Agreement to Settle Claims of HBOC Sub–Class (the "Agreement") dated as of May 5, 2005 among the HBOC Plaintiffs[1] and Defendants McKesson Corporation f/k/a McKesson HBOC, Inc. ("McKesson"), McKesson Information Solutions, LLC, f/k/a HBO & Company ("HBOC"), the McKesson Profit Sharing and Investment Plan (the "McKesson Plan"), Jay P. Gilbertson, Albert J. Bergonzi, E. Christine Rumsey,

---

**1.** Capitalized terms not otherwise defined in this Order shall have the meanings set forth or utilized in the Agreement.

Michael L. Kappel, Charles W. McCall, Alfred C. Eckert III, Alton F. Irby III, Gerald E. Mayo, James V. Napier, Philip A. Incarnati, Donald C. Wegmiller, Charles E. Theole, M. Christine Jacobs, Tully M. Friedman, John M. Pietruski, Carl S. Reichardt, Alan Seelenfreund, and Mark A. Pulido (the "Defendants"), (ii) the applications of Class Counsel for awards of counsel fees and reimbursement of expenses; and (iii) the applications of Albert Adams and Joseph Dolliver for the award of an incentive fee (collectively, the "Motions");

(b) the Court having entered an Order on May 10, 2005 preliminarily approving the Settlement, certifying the Settlement Class as a mandatory non opt out class pursuant to Fed.R.Civ.P. 23(b)(1)(A) and (b)(2) for purposes of proceedings to consider final approval of the Settlement, approving the form of Class Notice and directing the manner of delivery and publication thereof, and scheduling a hearing to consider the fairness of the Settlement, pursuant to Federal Rule of Civil Procedure 23(e), among other matters (the "Preliminary Approval of Settlement and Procedural Order");

(c) the Court, having received a declaration attesting to the delivery and publication of the Class Notice in accordance with the Preliminary Approval of Settlement and Procedural Order; and

(d) a hearing having been held before this Court on September 9, 2005 (the "Final Approval and Fairness Hearing") (i) to determine finally whether this action satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(b)(1)(A) and (b)(2); (ii) to consider the fairness of the Settlement, pursuant to Fed.R.Civ.P. 23, and to determine whether to enter this Order approving the Settlement; (iii) to determine whether the proposed Plan of Allocation of the Settlement

Amount is fair and reasonable and should be approved; (iv) to consider the applications of counsel to Plaintiffs for awards of counsel fees and reimbursement of expenses; (v) to consider the applications of Albert Adams and Joseph Dolliver for the award of an incentive; and (vi) to rule upon such other matters as the Court might deem appropriate,

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Action, the HBOC Plaintiffs, all Settlement Class Members, and the Defendants pursuant to 29 U.S.C. § 1132(e).

█ 2. The Court finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that:

(a) The class, consisting of thousands of members, is so numerous that joinder of all members thereof is impracticable;

(b) There are questions of law and fact common to the ERISA Class;

(c) The HBOC Plaintiffs, Albert Adams and Joseph Dolliver, are members of the class and their claims are typical of the claims of the ERISA class;

(d) The HBOC Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class, have no interests antagonistic to the Settlement Class and have retained qualified, experienced and able counsel;

(e) Prosecutions of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants;

(f) Defendants have allegedly acted or refused to act on grounds generally applicable to the class, thereby justifying equi-

table and/or declaratory relief for the class as a whole if the HBOC Plaintiffs prevail as to their claims;

(g) The class definition is sufficiently precise and proper notice was provided to the class; and

(h) Class Counsel is appropriately qualified and suitable for appointment to represent the class.

3. Accordingly, this Court hereby finally certifies the Settlement Class as a mandatory non-opt-out class pursuant to Fed. R.Civ.P. 23(b)(1)(A) and 23(b)(2) consisting of all participants in the HBOC Plan and their beneficiaries in the period from March 31, 1996 to July 31, 1999, for whose benefit the HBOC Plan held or acquired HBOC common stock (which includes, after January 12, 1999, McKesson common stock). No class member shall have the right to opt out of the Settlement Class.

4. In accordance with the Court's Preliminary Approval of Settlement and Procedural Order, Class Notice was timely given to all members of the Settlement Class who could be identified with reasonable effort by June 3, 2005 and was published on the Website maintained by McKesson from June 7, 2005 through the date of this Order. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Agreement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

■ 5. The motion for approval of the Settlement is hereby GRANTED, and the Settlement is APPROVED as fair, reasonable and adequate, and the terms of the Settlement are hereby determined to be prudent, for the exclusive benefit of partic-

ipants and beneficiaries of the HBOC Plan and in compliance with all applicable provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Parties are directed to consummate the Settlement in accordance with the terms of the Agreement.

6. Counts One through Six of the Consolidated Amended Complaint for Breach of Fiduciary Duties Under ERISA in the Action, asserted on behalf of the Settlement Class against the Defendants, are hereby dismissed with prejudice.

7. Upon this Order becoming final, the HBOC Plaintiffs, the Settlement Class, all members of the Settlement Class, the HBOC Plan and the McKesson Plan shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released and are forever barred from the prosecution of, any and all Released Claims against any and all of the Released Persons.

■ 8. "Released Claims" shall encompass all claims, causes of action, demands, rights or liabilities, (including but not limited to claims for violation of the federal securities laws, ERISA, negligence, gross negligence, professional negligence, breach of duty of care, breach of duty of loyalty, breach of the duty of candor, breach of the duty to monitor, fraud, breach of fiduciary duty, mismanagement, corporate waste, malpractice, breach of contract, negligent misrepresentation, violations of any federal or state statutes, or for violating any law of any nation, province, state, county, city or subdivision or agency thereof, and any "Unknown Claims" as defined in the Agreement) that have been or that could have been asserted in this or any other forum by or on behalf of the HBOC Plaintiffs, the Settlement Class, any member of the Settlement Class, the HBOC Plan, or the McKesson Plan by or on behalf of the Settlement Class or as successor to the

HBOC Plan, based on, arising out of, in connection with, or related in any way to any of the conduct, events, actions, failures to act, or statements referenced in the Complaint, or in any way to the holding, voting, purchase or other acquisition of McKesson's or HBOC's securities. Released Claims may include claims, causes of action, demands, rights, or liabilities based on, arising out of, in connection with, or relating in any way to:

a. any of the facts, circumstances, allegations, representations, statements, reports, disclosures, transactions, events, occurrences, acts, omissions or failures to act, of whatever kind or character, irrespective of the state of mind of the actor performing or omitting to perform the same, that have been or could have been alleged in any pleading, amended pleading, argument, complaint, amended complaint, brief, motion, report, or filing in the Action; or

b. any matter, cause or thing whatsoever, including, but not limited to, any action, omission or failure to act of whatever kind or character, irrespective of the state of mind of the actor performing or omitting to perform the same, arising out of or relating to the adequacy, accuracy or completeness of any disclosure or statement made in any filings, proxy statements, prospectus, reports, press releases, statements, documents required to be filed by any ERISA plan, representations, analyst reports or announcements concerning McKesson's or HBOC's operations, subsidiaries, services, sales, revenues, income, costs, financial condition or prospects or in any filing with the Securities and Exchange Commission or any other federal or state governmental agency or regulatory board (collectively referred to as "Public Statements"), or in the preparation or dissemination of, or failure to disseminate,

any such public statements, at any time during the Class Period; or

c. any of the facts, circumstances, representations, statements, reports, disclosures, transactions, events, occurrences, acts or omissions of whatever kind or character, regardless of the state of mind of the actor performing or omitting to perform the same, encompassed by subparagraph 28.a. and 28.b. above, that have been or that could have been alleged, or made the subject of any claim or action in state court or otherwise under the law of any state, at common law or in equity, in any pleading, amended pleading, demand, complaint, amended complaint, motion, discovery response or filing.

Notwithstanding the foregoing, Released Claims shall not include: (i) any and all claims made by the McKesson Sub–Class in the Complaint, or claims that could have been asserted by the McKesson Sub–Class in the Complaint; or (ii) any claims that the McKesson Plan, its fiduciaries and members of the McKesson Sub–Class may have or assert under any law arising out of the purchase, holding or other acquisition of McKesson Stock by the McKesson Plan (except for those claims of the McKesson Plan on behalf of the Settlement Class or as successor to the HBOC Plan), and (iii) any claims that relate solely to purchases of McKesson or HBOC securities by members of the Settlement Class if those purchases were not (x) made by or through the McKesson Plan or the HBOC Plan, or (y) related in any way to the participation of such members in the McKesson Plan or the HBOC Plan.

■ 9. "Released Persons" shall mean and include all persons or entities named as defendants or nominal defendants in the Complaint, including, McKesson, HBOC, any members at any time of the HBOC Administrative Committee, the HBOC Administrative Committee, Jay Gilbertson,

Albert Bergonzi, E. Christine Rumsey, Michael Kappel, the HBOC Board of Directors, Charles McCall, Alfred Eckert, Alton Irby III, Gerald Mayo, James V. Napier, Holcombe Green, Jr., Philip A. Incarnati, Donald Wegmiller, Charles Thoele, M. Christine Jacobs, any persons or entities referred to or intended to be referred to in paragraph 18 of the Complaint under the reference to "HBOC Plan Fiduciaries DOES 1–20", any persons referred to or intended to be referred to in paragraph 20 of the Complaint under the reference to "The 'Pre–Merger Individual McKesson Board Members'", Tully Friedman, John Pietruski, Carl Reichardt, Alan Seelenfreund, Mark Pulido, any persons referred to or intended to be referred to in paragraph 21 of the Complaint under the reference to "The 'Post–Merger Individual McKesson Board Members'", any persons or entities referred to or intended to be referred to in paragraph 23 of the Complaint under the reference to "Defendants McKesson Plan Fiduciaries ROES 1–20", the McKesson Plan, the HBOC Plan, and any other person or entity that could have been named as a defendant in any capacity in this action. Released Persons shall also include, with respect to any of the above listed persons or entities, to the extent applicable, their parent entities, affiliates, subsidiaries, predecessors, successors or assigns, their past, present or future officers, directors, associates, stockholders, controlling persons, representatives, employees, attorneys, accountants, underwriters, insurers, agents, financial or investment advisors, heirs, executors, trustees (including, but not limited to, Fidelity Management Trust Company), general or limited partners or partnerships, personal representatives, estates or administrators.

10. Notwithstanding any other provision of this Final Order and Judgment or the Agreement, McKesson and HBOC shall retain all rights, nor shall this Final Order and Judgment and/or the Agreement be deemed a waiver of, nor preclude such rights, of McKesson or HBOC to assert any claims permitted by any applicable federal or state statute or common law against any person or entity (other than the HBOC Plaintiffs or their representatives), including claims against any other defendant, either in the form of a cross-claim or third party complaint filed in the Action or by a separately filed action.

11. The McKesson Plan is hereby ordered not to submit any claim for recovery in *In re McKesson HBOC, Inc. Sec. Litig.*, (N.D.Cal. No. CV–99–20743–RMW), on behalf of any member of the Settlement Class or as successor to the HBOC Plan. The partial settlement shall have no effect on any claims of Settlement Class Members with respect to purchases of McKesson or HBOC securities that were not (i) made by or through the McKesson Plan or the HBOC Plan, or (ii) related in any way to the participation of such members in the McKesson Plan or the HBOC Plan.

12. The Release of Claims set forth herein and in the Agreement shall have no impact whatsoever on the obligations set forth in and required by the Agreement, nor any party's ability to enforce the provisions of the Agreement.

13. Neither this Final Order and Judgment, the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any of the Released Persons or against the HBOC Plaintiffs or the Settlement Class members as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons or the HBOC Plaintiffs

or the Settlement Class members with respect to the truth of any fact alleged by the HBOC Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Persons or the HBOC Plaintiffs or the Settlement Class members;

(b) offered or received against the Released Persons or the HBOC Plaintiffs or the Settlement Class members as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Persons, or against the HBOC Plaintiffs and/or the Settlement Class members as evidence of any infirmity in the claims of the HBOC Plaintiffs and/or the Settlement Class members;

(c) offered or received against the Released Persons or against the HBOC Plaintiffs or the Settlement Class members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reasons as against any of the Parties to the Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement;

(d) construed against the Released Persons or the HBOC Plaintiffs and/or the Settlement Class members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against the HBOC Plaintiffs or the

Settlement Class or any of them that any of their claims are without merit or that losses or damages recoverable in the Action would not have exceeded the Settlement Fund.

14. The Plan of Allocation is APPROVED as fair and reasonable, and Class Counsel and the Plan Administrator or its designee are directed to administer the Distribution Amount in accordance therewith.

15. The HBOC Plaintiffs, Albert Adams and Joseph Dolliver are hereby awarded, as incentive awards for their roles in prosecuting the Action on behalf of the Settlement Class, $5000, payable from the Settlement Fund within seven (7) days after the Effective Date.

16. Class Counsel are hereby awarded, as and for attorney fees, $ ..., or 25 percent of the net Settlement Fund, which the Court finds to be fair and reasonable, and for reimbursement of costs and expenses, the sum of $243,349.64 as reimbursement of costs and expenses, to be paid out of the Settlement Fund to Class Counsel fifteen (15) days after the Effective Date. The award of attorney fees and expenses shall be allocated among Class Counsel as such counsel mutually agree for their respective contributions in the prosecution of the Action.

17. Jurisdiction is hereby retained over this Action and the Parties, the McKesson Plan, and the Settlement Class Members for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Agreement and this Final Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19. There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED, ADJUDGED AND DECREED.